IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LEE RICHES, | No. C 07-5874 MJJ (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BEN BERNANKE, et al., | |
| Defendants. | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint against Ben Bernanke, along with other current and former members of the Board of Directors of the Federal Reserve Bank. Plaintiff also names as defendants the Council of Economic Advisors, the Federal Open Market Committee, several bank executives, two universities and the "1970 Penn Central Railroad Collapse."

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See

G:\PRO-SE\MJJ\CR.07\riches29.dsm.wpd

1 | West v. Atkins, 487 U.S. 42, 48 (1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar. See Neitzke v. Williams, 490 U.S. 319, 328 (1989). To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. See id. at 32-33.

Plaintiff alleges that he is an "Economic Pontiff," and he seeks an order compelling defendants to "revise monetary policy." Plaintiff alleges that his "dollar is worthless," and that defendants' policies have cut his prison's budge and have caused him to earn ".12 cents a month in prison." Plaintiff further alleges that rising oil prices "causes guards to come to work mad and they take their anger out on me." Plaintiff also seeks an order to compel defendant Bernanke "to shave his beard and help me, he is the Devil of the 2000s." As plaintiff's allegations are clearly baseless, irrational or wholly incredible, the complaint will be dismissed as frivolous under sections 1915A and 1915(e)(2).

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 12/18/07

MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\riches29.dsm.wpd        2